UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| SOLOMON COLEY and ARSHANKE HALL individually and on behalf of their minor children JC and AC<br>    Plaintiff | * | CIVIL ACTION NO: 17-1553 |
| VERSUS | * | JUDGE FOOTE |
| CITY OF BOSSIER CITY, CHAD BOYETT AND SGT. FAULKNER<br>    Defendants | * | MAGISTRATE HORNSBY |

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE

NOW INTO COURT comes Plaintiffs **SOLOMON COLEY and ARSHANKE HALL** who with respect move that:

I.

Trial by jury is set to begin in this excessive use of force case on December 9, 2019. The pre-trial conference is set for November 6, 2019. Plaintiffs allege that on April 1, 2017, Defendant Boyett, a police canine handler of a police canine inflicted excessive force upon the plaintiffs' minor child.

II.

Plaintiffs seek to exclude from trial improper conclusory lay opinion evidence from police officers or others who may testify as set out in the attached memorandum

of law.

### III.

Plaintiffs seek to exclude from the trial of this case certain exhibits listed by Defendants including

101. Retirement papers for K-9 Torres — objection Hearsay.  FRE Rule 801, et seq.
104. Full incident report — objection.  Hearsay.  FRE Rule 801, et seq.
108. Use of Force Report by Chad Boyett — objection.  Hearsay.  FRE Rule 801, et seq.
115 and 115.1   Training Records of Leroy Azlin
117. Photos of Torres  - Relevancy.  FRE Rule 401.  Obvious ploy to appeal to sympathy of jury and provides no tendency to prove any element of proof in the case.
     Use of Force Chad Boyett — objection.  Hearsay.  FRE Rule 801, et seq.
118. Dr. Alsop's Expert Medical Report on Arshakne Hall Hearsay.  FRE Rule 801, et seq.
119. Dr. Alsop's Expert Medical Report on Solomon Coley objection.  Hearsay.  FRE Rule 801, et seq.
120. Dr. Holcomb's Expert Medical Report on AC.  objection.  Hearsay.  FRE Rule 801, et seq.
121. Dr. Holcomb's Expert Medical Report on JC.  objection.  Hearsay.  FRE Rule 801, et seq.
123. Expert Report of Terry Anderson.  objection.  Hearsay.  FRE Rule 801, et seq.

### IV.

Plaintiff objects to the expert opinion of Defendants' expert Anderson due to bias.  Anderson is the President of the National Police Canine Association.  Boyett is a member of the NPCA.  Anderson testified in his October 16, 2019, deposition that he could not provide an opinion against any member of NPCA.  He also testified that he would not provide an opinion against a member of the NPCA.  Anderson can not be a

detached or independent expert.

V.

Plaintiff objects to Defendant's Exhibit 153, National Police Canine Association Standards for Training & Certifications Manual Plaintiffs' Objection on the grounds that it has never been produced.  FRCP Rule 16.  The parties exchanged exhibits.  A document was produced and identified as Exhibit 53, but it is some still shots from MVS.

VI.

Plaintiff reasonably anticipates Defendants to elicit testimony from witnesses in this case that the suspect Williams caused the use of force and caused Torres to bite JC.   This testimony is speculative and a lay opinion without foundation.  No expert has provided such an opinion.

VII.

Plaintiffs seek an order of the Court that no comment be made upon or draw any inference that the minor children may not testify or have not testified at length.

VIII.

Further, Plaintiff moves that Defendant be specifically instructed to inform Mr. Boyett and Officers and to counsel with all other witnesses called by Defendant or parties in the Court Room at the request of the Defendant, not to volunteer, inject, disclose, state, mention or allude to, or refer to, by work, act, deed or innuendo, to the

Jury any of the above matters until specifically questioned thereon, after a prior ruling by the Court.

IX.

It is also requested that Defendant be instructed not to make any mention or reference to the fact that this Motion has been made.

X.

Plaintiff reasonably anticipates that Defendants will oppose this motion.

WHEREFORE, Plaintiffs pray that the following evidence be excluded:

1. Any testimonial opinions as to an ultimate legal conclusion as to the whether excessive force was used or if Boyett or others were negligent or that the canine bite could have been prevented under strict liability;

2. Exhibits 101, 104, 108, 115, 118, 119-122 be excluded;

3. Expert Opinion of Anderson;

4. Any testimony, opinion or argument that suspect Williams caused Torres to bite JC; and,

5. Any testimony, opinion or argument that JC and AC did not testify or did not testify at length.

6. Exhibit 153;

7. Any testimony or argument that suspect Williams caused the canine bite;

8. Defendant be specifically instructed to inform its witnesses and to counsel with all other witnesses called by Defendants or parties in the Courtroom

at the request of the Defendants, not to volunteer, inject, disclose, state, mention or allude to, or refer to, by work, act, deed or innuendo, to the Jury any of the above matters until specifically questioned thereon, after a prior ruling by the Court.

    Respectfully Submitted,

    <u>/s/ Nelson W. Cameron</u>
    NELSON W. CAMERON
    Attorney at Law
    675 Jordan Street
    Shreveport, Louisiana 71101
    318) 226-0111
    Bar No.: 1283
    ATTORNEY FOR PLAINTIFFS
    SOLOMON COLEY and ARSHANKE HALL