UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| SOLOMON COLEY and ARSHANKE HALL, et al<br>　　Plaintiffs | * | CIVIL ACTION NO: 17-1553 |
| VERSUS | * | JUDGE FOOTE |
| CITY OF BOSSIER CITY, et al<br>　　Defendants | * | MAGISTRATE HORNSBY |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION IN LIMINE TO EXCLUDE EVIDENCE**

MAY IT PLEASE THE COURT,

Trial by jury is set to begin in this case on December 9, 2019. The pre-trial conference is set for November 6, 2019. Plaintiffs allege that on April 1, 2017, Defendant Boyett, a police canine unreasonably inflicted injury upon the plaintiffs' minor child. Plaintiffs file their Motion in Limine to exclude improper evidence proferred by the Defendants.

<u>Improper Conclusory Lay Opinion</u>

Plaintiff moves that no Defendant or officer on the scene be permitted to opine that he or a fellow officer did not use excessive force or were not negligent or that the bite could have been prevented. Such testimony is self serving, unreliable and may mislead the jury. Such opinions are not helpful to the jury and merely tell the jury what result to reach. FRE 704 Advisory Comment. Opinions which embrace the ultimate issue have been ruled inadmissible in excessive

- 1 -

use of force cases. Hygh v. Jacobs, 961 F.2d 359, 364 (2nd Cir. 1992). Opinions as to whether Boyett committed acts of negligence, reaching that ultimate question, have also been ruled inadmissible. Shahid v. City of Detroit, 889 F.2d 1543, 1547-48 (6th Cir. 1989). The jury is equally able to reach a decision with the help of the Court's Instructions. Salas v. Carpenter, 980 F.2d 299, 304-05 (5th Cir. 1992). Plaintiff has no corresponding opinions to offer and does not have any plans to submit such. United States v. Aggarwal, 17F.3d 737, 743 (5th Cir. 1994). Even experts are not permitted to provide conclusions of law. C.P. Interests, Inc., 238 F.3d 690, 697 (5th Cir. 2001) (citing *Owen v. Kerr McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983)).

Plaintiffs seek to exclude from the trial of this case certain exhibits listed by Defendants:

101[1].  Retirement papers for K-9 Torres — objection Hearsay. FRE Rule 801, et seq.

This is a uncertified hearsay report of a Bossier City police officer regarding his communication with a veterinarian who opined that canine Torres has heartworm disease but has no symptoms. As a result and based upon Torres age, the writing officer, Brice, recommends retirement of Torres. This exhibit has is hearsay upon hearsay.

104. Full incident report — objection. Hearsay. FRE Rule 801, et seq. Relevancy. FRE 401, et seq.

This is a forty-seven (47) page long document containing detailed information of CAD

---

[1] During the course of crafting the pre-trial order and after the exhibit exchange, the parties agreed that plaintiffs' exhibits would be numbered using numbers 1-100 while defendants would be numbered 101 and above. So if defendants' exhibit was numbered 1 at the time of exchange, that number was changed to 101 to avoid confusion with exhibit numbering.

calls (typed communications), detailed statements of officers including Boyett, and irrelevant booking information relative to the fleeing suspect, Trevier Williams. The jury should rely upon its memory of the testimony. A hearsay statement such as this has the danger of usurping the jury responsibility to weigh the evidence. This document may not be trustworthy. See below as it was created during a time officers anticipated litigation.

108.  Use of Force Report of Chad Boyett — objection. Hearsay, no exception applies. FRE Rule 801, et seq.

This document provides a written statement by Boyett as to the events leading to the canine attack on JC. It is hearsay because it is an out of court statement offered for the truth of the matters asserted. Boyett is available to testify.

It is also likely that by the time of this document's creation, Boyett and others anticipated litigation. Gaydos, Boyett's supervisor, interviewed the plaintiffs at the hospital the night of the canine attack while secretly recording it on a bodycam for litigation purposes. Documents created in anticipation of litigation are not admissible under a business records exception. United States v. Blackburn, 992 F.3d 666, 670 (7th Cir. 1993). As such, documents written for a different purpose are not considered trustworthy. Pan-Islamic Trade Corp. 632 F.2d 539, 560 (5th Cir. 1980).

Further, if admitted as an exhibit, the jury may tend to rely upon the document rather than testimony. The exhibit describes actions in the most general terms leaving out critical information such as the path taken, presence of bystanders, the location of the Coleys at the time

when Torres was close to Williams, and the use of a choke off. As such, the document has the potential to confuse the jury. Nor does the document indicate that Boyett is the source of all of the of the information. If Plaintiffs were to use the document against Boyett, that would be considered a statement against interest. It would then be admissible. FRE Rule 802(d)(2)(D).

<u>115 and 115.1</u> Training Records of Leroy Azlin

This exhibit consists of 169 pages of training certificates dating back to 1981 of Leroy Azlin who provides training to the Bossier City canine unit. It also contains Mr. Azlin's resume. Mr. Azlin is not tendered as an expert. He has not rendered a report. The exhibit is a waste of time and otherwise irrelevant to any issues in the case. FRE Rule 403. The probative value is very low. The potential for waste of time is great.

<u>117.</u>   <u>Photographs of Torres  - Relevancy.  FRE Rule 401.</u>

These photographs are an obvious ploy to appeal to the sympathy of jury. The exhibit provides no tendency to make a fact more or less probable or to establish any element of proof in the case. Secondly, the exhibit proffered violates FRCP Rule 16 because they were not produced during the discovery period. These are photographs of canine Torres are taken most likely after Torres was retired and years after the incident in question. There is also no indication as to when these photographs were taken.

They depict Torres with a happy young girl in an apparent embrace of Torres. Likely the young girl is Boyett's daughter or other person close to the family since Torres is now retired and

living with Boyett and his family.  The exhibit shows approval of Torres by a young white girl.  Not only is JC a black female, thus risking appeals to race, but the exhibit also tends to provide a "seal of approval" for Torres from children; this "seal of approval" if admitted would be present during jury deliberations.  Naked appeals to sympathy are irrelevant and unduly prejudicial to Plaintiff.  Pursuant to FRE Rule 403, evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, or wasting time.  Because the photographs have close to zero probative value, that is substantially outweighed by the danger of unfair prejudice, misleading the jury, or wasting time.  For example videos of children being bound, raped and violently assaulted were unfairly prejudicial in child pornography case.  United States v. Cunningham, 694 F.3d 372, 391 (3d Cir. 2012).  And, Plaintiffs have no photographs of canine Torres in action to counter this evidence.

118.    Dr. Alsop's Expert Medical Report on Arshakne Hall — This medical expert examined all plaintiffs in this case during an allegedly independent medical examination. This report was generated as a result of that examination, plus a review of other evidence in the case such as deposition transcripts and  medical treatment records. Expert reports are hearsay. An expert report is considered hearsay and thus is inadmissible at trial. Marquette Transp. Co., Inc. v. Eagle Subaru, 2010 WL 1558921, at *3 (E.D. La. Apr. 15, 2010) (Vance, J.).  (Cited by *Versai Mgmt. Corp. v. Landmark Am. Ins. Corp*. (E.D. La., 2013)); Gibbens v. Champion Indus., Inc., CIVIL ACTION NO. 11-868 (E.D. La., July 28, 2014)

119. <u>Dr. Alsop's Expert Medical Report on Solomon Coley.</u> This medical expert examined or assisted in the examination of Mr. Coley and other plaintiffs in this case during an allegedly independent medical examination. This report was generated as a result of that examination, plus a review of other evidence in the case such as deposition transcripts and medical treatment records. Expert reports are hearsay. Expert reports are hearsay. An expert report is considered hearsay and thus is inadmissible at trial. FRE Rule 801, et seq. <u>Marquette Transp. Co., Inc.,</u> supra.

120. <u>Dr. Holcomb's Expert Medical Report on AC.</u> This medical expert examined AC in this case during an allegedly independent medical examination. This report was generated as a result of that examination, plus a review of other evidence in the case such as deposition transcripts and medical treatment records. Expert reports are hearsay. Expert reports are hearsay. An expert report is considered hearsay and thus is inadmissible at trial. FRE Rule 801, et seq. <u>Marquette Transp. Co., Inc.,</u> supra.

121. <u>Dr. Holcomb's Expert Medical Report on JC.</u> This medical expert examined or assisted in the examination of JC and other plaintiffs in this case during an allegedly independent medical examination. This report was generated as a result of that examination, plus a review of other evidence in the case such as deposition transcripts and medical treatment records. Expert reports are hearsay. Expert reports are hearsay. An expert report is considered hearsay and thus is inadmissible at trial. FRE Rule 801, et seq. <u>Marquette Transp. Co., Inc.,</u> supra.

<u>122.</u>    <u>Report of Terry Anderson</u>.  This is defendant's liability expert.  Expert reports are hearsay. An expert report is considered hearsay and thus is inadmissible at trial. FRE Rule 801, et seq.  <u>Marquette Transp. Co., Inc.</u>,  supra.

<u>Expert Opinion of Anderson</u>: <u>disqualification due to being untrustworthy and unreliable</u>

Fed. R. Evid. 702 provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data;  (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

If the expert's qualifications are found to be sufficient, the court then must examine whether the expert's opinions are reliable and relevant.  <u>United States v. Valencia</u>, 600 F.3d 389, 424 (5th Cir. 2010).  The United States Supreme Court's decision in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) provides the analytical framework for determining whether expert testimony is admissible under Rule 702. Under *Daubert*, courts, as "gatekeepers," are tasked with making a preliminary assessment of whether the expert's testimony is relevant and reliable.  The district court has considerable discretion to admit or exclude expert testimony. <u>Gen. Elec. Co. v. Joiner</u>, 522 U.S. 136, 138-39 (1997); <u>Seatrax, Inc. v. Sonbeck Int'l, Inc.</u>, 200 F.3d 358, 371 (5th Cir. 2000).

On September 11, 2019, this Court issued an Order permitting Plaintiff to depose Mr. Anderson, Defendants' liability expert, within the next forty-five days. [Doc. 50] That deposition took place on October 16, 2019. Anderson is the President of the National Police Canine Association (NPCA). Boyett is a member of the NPCA. Anderson testified in his October 16, 2019, deposition that he could not provide an opinion against any member of NPCA. He has testified that he would not provide an opinion against a member of the NPCA. He stated he would have to refer that to someone else. Mr. Anderson would not be able to render an opinion critical of Boyett. Anderson is biased and untrustworthy. He can not be a detached or independent expert. The hallmark of an expert is that of being independent. Lakes Dredge & Dock Co. v. Harnischfeger Corp., 734 F. Supp. 334 (N.D. Ill. 1990); Paul v. Rawlings, 123 F.R.D. 271 (S.D. Ohio 1988) (court has power to disqualify expert as part of inherent power to preserve public confidence in fairness and integrity of judicial proceedings). Mr. Parker's opinions are influenced by his inherent bias and are thus unreliable. " When an expert displays an unyielding allegiance to the party who is paying his or her bill, we generally will disregard that testimony as untrustworthy." Estate of Mitchell v. Commissioner, 83 T.C.M. 1524, 1530 (T.C., 2002) Also, Mr. Anderson testified that the majority of his income (outside his police pension) is derived from training of NPCA canines. The income he receives likely drives his inability to give contrary opinions.[2]

---

[2] Although not determinative on the following bases alone, Anderson has never been accepted by a court as an expert in police canine apprehension practices. And, the expert report

Moreover, Mr. Parker's opinions are generally based upon case law. He testified that the "industry standards" are built upon case law. His report exceeds the bounds of Federal Rule of Evidence 704 because it offers legal conclusions. His conclusions are premised upon case law. Owen v. Kerr McGee Corp., supra at 240. An expert may not testify as to what the law is because that will impinge upon or usurp the trial court's function to instruct the jury. Expert testimony that offers a legal opinion is inadmissible. Estate of Sowell v. United States of America, 198 F.3d 169, 171 (5th Cir. 1999); Askanase v. Fatjo, 130 F.3d 657, 669 (5th Cir. 1997). The expert report reads more like a legal opinion than an expert report.

Exhibit 153: NPCA Standards

Plaintiff objects to Defendant's Exhibit 153, National Police Canine Association Standards for Training & Certifications Manual on the grounds that it has never been produced. FRCP Rule 16. The parties exchanged exhibits. Defendants produced a document and identified it as Exhibit 153, but it is a copy of a paper making reference to still shots from police MVS. Courts have the power to exclude evidence that is not produced according to the scheduling order. FED. R. CIV. P. 16(f)(1) ; see FED. R. CIV. P. 37(b)(2)(A). Cruz v. City of Hammond , No. 09–6304, 2015 WL 1467952, at *3 (E.D.La. Mar. 30, 2015) as cited by Perez v. City of New Orleans, 173 F.Supp.3d 337 (E.D. La., 2016).  "The Federal Rules of Civil Procedure grant district courts the power to "control and expedite the discovery process through a

---

provided did not include his compensation which is a violation of Rule 26(a)(2).

scheduling order." <u>Barrett v. Atlantic Richfield Co</u>. , 95 F.3d 375, 380 (5th Cir.1996).

<u>Evidence or Argument that Williams Caused Torres to Bite JC</u>

Plaintiff reasonably anticipates Defendants to elicit testimony from witnesses in this case and argue that the fleeing suspect Williams caused the use of force and caused Torres to bite JC. This testimony is speculative and a lay opinion without foundation. No expert opinion has been provided to this. No police officer ought to be allowed to provide such a lay opinion.

There is no evidence that Williams caused Boyett to give a command for canine Torres to bite, or to apprehend when other bystanders were present, to "choke off" Torres, to not provide a verbal command to release or other acts of negligence by Boyett. Williams own the canine. He is not liable under strict liability. This testimony or argument could confuse the jury.

<u>General</u>

Further, Plaintiff moves that Defendants be specifically instructed to inform its witnesses and to counsel with all other witnesses called by Defendants or parties in the Court Room at the request of the Defendants, not to volunteer, inject, disclose, state, mention or allude to, or refer to, by work, act, deed or innuendo, to the Jury any of the above matters until specifically questioned thereon, after a prior ruling by the Court. It is also requested that Defendant be instructed not to make any mention or reference to the fact that this Motion has been made.

Respectfully Submitted,

*/s/ Nelson W. Cameron*

 

NELSON W. CAMERON
Attorney at Law
675 Jordan Street
Shreveport, Louisiana 71101
(318) 226-0111
Bar No.: 01283

**Attorney for
Plaintiffs Hall and Coley**